Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
310-556-9620
Cal. Bar. No. 145232

Of Counsel, Hyslip & Taylor LLC LPA
917 W. 18th Street, Suite 200
Chicago, IL  60608
312-380-6110

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| James Robinson,<br><br>      Plaintiff,<br><br>v.<br><br>Professional Recovery Services, Inc.<br><br>      Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a). The court has supplement jurisdiction over the Rosenthal FDCPA ("RFDCPA") state law claims.

2. Pursuant to 28 U.S.C. §1391, venue is proper because the events giving rise to the action occurred in this District and Plaintiff resides in Sacramento.

### STATEMENT OF FACTS

3. Defendant, Professional Recovery Services, Inc., ("PRS"), uses an automatic dialing system.

4. Before PRS began contacting Plaintiff, James Robinson, ("James"), it and James had no prior business relationship and James had never provided express consent to PRS to be contacted on his cellular telephone.

5. PRS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

6. The principal source of PRS's revenue is debt collection.

7. PRS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

8. As described, *infra*, PRS contacted James to collect a debt that was incurred primarily for personal, family, or household purposes.

9. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

10. James is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. On several occasions, the dates of which will be discovered through discovery, PRS willingly and knowingly used an automatic telephone dialing system to call James on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

12. On or around December 30, 2013, PRS contacted James on James' cellular phone in connection with the collection of the debt.

13. On or around January 7, 2014, PRS contacted James' elderly mother, ("Mother"), on Mother's home telephone in connection with the collection of the debt and left a voice message threatening to file a lawsuit against James if James did not contact PRS and pay the debt, thus disclosing to Mother that James owed the debt.

14. At the time of this communication, PRS already had James' location information.

15. PRS has not filed a lawsuit against James.

16. PRS never intended to file a lawsuit against James.

17. On or around January 8, 2014, James requested PRS cease further calls to James.

18. Despite this request, PRS contacted James, on numerous occasions, on James' cellular phone in connection with the collection of the debt, most recently on or around January 10, 2014.

19. PRS caused James emotional distress.

20. PRS attempted to collect a debt from James.

21. PRS violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

**Violations of the Telephone Consumer Protection Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT SEVEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

34. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. 1692c.

35. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. 1692d.

36. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. 1692e.

37. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. 1692f.

**JURY DEMAND**

38. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC


By:＿＿/s/ Art Matthews
       One of Plaintiff's Attorneys

*Of Counsel*
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone:  310-556-9620
Cal. Bar. No. 145232